IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE:<br><br>KATHY JEAN CAMPBELL,<br><br>               Debtor.<br><br>GERARD R. VETTER,<br>ACTING UNITED STATES TRUSTEE<br>FOR REGION 4,<br><br>               Movant,<br><br>v.<br><br>KATHY JEAN CAMPBELL,<br><br>               Respondent. | Case No. 22-61172 |

## NOTICE OF HEARING

    PLEASE TAKE NOTICE that a hearing on the Motion set out below will be held on June 13, 2024, at 9:30 a.m. before the Honorable Rebecca B. Connolly via Zoom for Government using the following information: Meeting ID: 160 369 2643; URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643.

    **If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response 7 days before the hearing date. Absent a timely filed response, a proposed order will be tendered to the Court granting the relief requested in the motion and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

    Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

## MOTION TO DISMISS AND MOTION FOR SANCTIONS

    Comes now Gerard R. Vetter, Acting United States Trustee for Region 4, and moves this court to dismiss the Debtor's case and sanction the Debtor in the form of a 180-day bar to re-filing, and in support thereof, the United States Trustee states as follows:

**Factual Background**

1. This case was commenced by the filing of a voluntary petition pursuant to Chapter 13 of Title 11 on November 11, 2022.

2. Prior to this bankruptcy filing, the debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 on January 20, 2021. That case was assigned Number 21-60078 (the "First Case").

3. On information and belief, the Debtor filed the First Case, at least in part, due to collection action by a judgment creditor. *See* Case No. 21-60078, Statement of Financial Affairs, Question 10, Docket No. 19.

4. In the First Case, the United States Trustee filed a Motion to Dismiss Case for Abuse on May 24, 2021. *See* Case No. 21-60078, Docket No. 35 (the "Motion to Dismiss").

5. The Motion to Dismiss alleged that, before and after the petition date in the First Case, the Debtor improperly paid personal expenses from her business assets, which effectively improperly reduced her disclosed income, claimed business expenses not permitted by Internal Revenue Service rules, and engaged in excessive, unreasonable and unnecessary spending, including gambling, country club fees, expensive meals, stays at luxury hotels, travel, expensive and unnecessary entertainment, and purchases of expensive and unnecessary personal property.

6. As one example of the Debtor's conduct, the United States Trustee believes that the Debtor was either in Las Vegas, Nevada on the date of her Chapter 7 341 meeting or left for Las Vegas immediately thereafter. The Debtor withdrew $300.00 from her business' bank account at the Paris Las Vegas Hotel and Casino the day after the Chapter 7 341 meeting.

7. The United States Trustee served discovery on the Debtor in connection with the Motion to Dismiss. The discovery sought detailed information regarding the Debtor's finances, including information that should have existed under IRS rules to substantiate the Debtor's

claimed business expenses and information that would have revealed the amount the Debtor spent at casinos.

8. The Debtor filed a Motion to Convert the First Case to Chapter 13 on August 31, 2021, and the First Case was converted to Chapter 13 by Court Order dated September 22, 2021.

9. By virtue of converting to Chapter 13, the Debtor avoided having to respond to the discovery on the United States Trustee's Motion to Dismiss.

10. After the First Case was converted, the Debtor obtained confirmation of a Chapter 13 Plan on January 31, 2022 (Case No. 21-60078, Docket No. 80) but was unable to make Plan payments.

11. The First Case was dismissed on the Chapter 13 Trustee's Motion on August 11, 2022.  *See* Case No. 21-60078, Docket No. 87.

12. Based on the Chapter 13 Standing Trustee's Final Report and Account (Case No. 21-60078, Docket No. 88), the Debtor paid a net amount of $26,514.00 in the First Case.[1] $4,095.12 of that went to trustee fees and attorney fees. The remainder was all paid to secured and priority creditors (taxing authorities).  Nothing was paid to general unsecured creditors.

13. On November 11, 2022, exactly three months after the dismissal of the First Case, the Debtor filed this case.

14. On information and belief, the Debtor filed her petition, at least in part, due to a garnishment issued on behalf of a judgment creditor.  *See* Statement of Financial Affairs, Question 10, Docket No. 7.

15. The Debtor obtained confirmation of a Chapter 13 Plan in this case on March 28, 2023.  *See* Docket No. 45.

---

[1] The Chapter 13 Trustee returned $3,000.00 to the Debtor at the conclusion of the First Case. $26,514.00 is the amount paid by the Debtor less the $3,000.00.

3

16. In June of 2023, the Chapter 13 Trustee and the United States Trustee both filed motions to dismiss the Debtor's case on the grounds that the Debtor had failed to provide the Chapter 13 Trustee a copy of the Debtor's 2022 federal tax returns by May 1, 2023, as required by the Confirmation Order. *See* Chapter 13 Trustee's motion at Docket No. 48 and United States Trustee's motion at Docket No. 49.

17. On July 5, 2023, the Debtor filed a response (Docket No. 51) stating that she had filed her 2022 federal tax return late and had provided the required return to the Chapter 13 Trustee on July 5, 2023.

18. Because the Debtor belatedly provided the tax return to the Chapter 13 Trustee, the Chapter 13 Trustee's motion and the United States Trustee's motion were withdrawn. *See* Docket Nos. 52 and 53.

19. On April 24, 2024, the Chapter 13 Trustee filed a Petition to Dismiss ("Chapter 13 Trustee's Motion to Dismiss") this case. *See* Docket No. 54.

20. The Chapter 13 Trustee's Motion to Dismiss alleges that the Debtor has failed to make two monthly Chapter 13 Plan payments and that the Debtor has an arrearage of $2,882.00.

21. The hearing on the Chapter 13 Trustee's Motion to Dismiss is set for June 13, 2024.

22. On May 8, 2024, the Chapter 13 Trustee provided the United States Trustee information regarding payments made by the Debtor in the current case through that date.

23. According to that information, in this case, the Debtor has paid a total of $14,952.00. Of that, $4,250.71 has gone to attorney's and Chapter 13 Trustee fees. $10,701.29 has gone to secured and priority creditors. Nothing has gone to general unsecured creditors.[2]

---

[2] These figures will change if the Debtor makes any payments after April 25, 2024.

4

## Legal Argument

25.    The Debtor has now had two chances at Chapter 13 and has failed to sustain a Chapter 13 both times.

26.    The Debtor filed the First Case on January 20, 2021. There are 1,240 days between January 20, 2021, the date of the filing of the First Case, and June 13, 2024, the date of the hearing on this motion. The Debtor has been in bankruptcy for 1,148 of those 1,240 days. The Debtor has been in bankruptcy for 93% of the time since January 20, 2021 (roughly the last three and a half years).

27.    During the time she has been in bankruptcy (including the First Case and the current case), the Debtor has paid a total of $41,466.00 on chapter 13 plans. Of that, $8,345.83 has gone to attorney's and Chapter 13 Trustee fees. The Debtor has paid $33,120.17 to secured creditors and priority creditors (taxing authorities). The Debtor has paid nothing to her general unsecured creditors since January 20, 2021.[3]

28.    From the commencement of the First Case to the date of the hearing on this Motion, on a per day basis the Debtor has paid $33.44 per day under her plans. Of that, $26.71 per day went to secured and priority creditors.

29.    Pursuant to Sections 1307(c), 349(a) and 105(a) of the Bankruptcy Code, the United States Trustee requests that the Court dismiss this case and that the dismissal order provide that Ms. Campbell be prohibited from filing any bankruptcy petition for a period of 180 days from the date of the Order dismissing the case.

---

[3] In theory the Debtor could have made payments to general unsecured creditors during the three months that the Debtor was not in bankruptcy in 2022. The United States Trustee doubts that happened.

30. Section 1307(c) provides that the Court may convert a chapter 13 case "to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of the creditors and the estate, for cause," which includes 11 listed subsections that constitute "cause".

31. The Debtor's actions in this case constitute "cause" under the following subsections of Section 1307(c): (1) unreasonable delay by the debtor that is prejudicial to creditors; and (6) material default by the debtor with respect to a term of a confirmed plan.

32. Section 1307(c) permits a Court to dismiss a case with prejudice, and bar the debtor from refiling for a period of time, if the debtor did not act with good faith. *See In re Shaheen*, 268 B.R. 455, 462 (Bankr. E.D. Va. 2001).

33. The Court also has authority under Sections 105(a) and 349(a) to bar a debtor that has not acted in good faith from refiling for a period of time. *See In re Feldman*, 597 B.R. 448, 461 (Bankr. E.D.N.Y. 2019) ("It is well-established that courts have discretion to bar re-filing of a bankruptcy action for periods of a year or longer.... Where...there is sufficient cause, the imposition of prejudice under the authority of Section 105(a) and Section 349(a) is necessary to prevent the abuse of a Chapter 13 case.") (citations and quotations omitted); *In re Weaver*, 222 B.R. 521, 522 (Bankr. E.D. Va. 1998) ("Our court of appeals has recognized that the underscored language in § 349(a) gives a bankruptcy judge discretion to 'order otherwise' for cause and to dismiss a petition with prejudice; this discretion may be exercised either to prohibit the filing of a petition within a set time, or it may preclude the debtor from receiving a discharge in bankruptcy of debts in existence when the case is dismissed.").

34. Section 109(g)(1) of the Bankruptcy Code states that an individual may not be a debtor if they have had a prior case dismissed based on a "willful failure of the debtor to abide

6

by orders of the court . . . ." That Subsection provides another basis to bar the Debtor from refiling for 180 days from the dismissal of this case.

35.    While the Debtor has paid $41,466.00 during the First Case and this case, that is over approximately three and a half years. Ms. Campbell was unable to meet her payment obligations in the First Case and it is apparent that she is unable to meet her payment obligations in this case.

36.    Ms. Campbell has effectively been under protection of the Bankruptcy Court for three and a half years -- since January 20, 2021. During that time, she has paid nothing to her unsecured creditors, and they have been prejudiced by being unable to take action to collect on their debts against her. In addition, in both cases Ms. Campbell has ducked into Chapter 13 when faced with creditor collection action.

37.    At this point, Ms. Campbell has had more than a "fair shot" at obtaining a Chapter 13 discharge. If this case is dismissed and Ms. Campbell refiles immediately after, that filing would not be in good faith.

38.    The United States Trustee submits that, under the circumstances of this case, that imposing a 180-day bar to refiling represents a fair balance between the interests of Ms. Campbell's creditors and Ms. Campbell's right to seek relief from the Bankruptcy Court.

WHEREFORE, the United States Trustee requests that this Court order the following relief:

A.    That this case be dismissed;

B.    That the Debtor be prohibited from filing any bankruptcy petition for a period of 180 days from the date of the Order dismissing this case under Sections 105(a), 349(a) and 1307(c); and

C.    Such other relief as the Court may deem just.

| | |
|---|---|
| Dated:  14 May 2024 | Respectfully submitted, |
| Margaret K. Garber (VSB No. 34412)<br>B. Webb King (VSB No. 47044)<br>Office of the United States Trustee<br>210 First Street, Suite 505<br>Roanoke, VA 24011<br>(540) 857-2806<br>margaret.k.garber@usdoj.gov<br>webb.king@usdoj.gov | GERARD R. VETTER<br><br>Acting United States Trustee for Region 4<br><br>By:  */s/ B. Webb King* |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion and notice was electronically filed on May 14, 2024, with the United States Bankruptcy Court.  That filing caused copies of this Motion to be transmitted through the Court's CM/ECF system to all parties designated to receive same.  In addition, copies of this motion were mailed by first class mail to the Debtor at her address on file in this case, Debtor's counsel and to all the creditors listed on the mailing matrix filed in this case.

                                                                                           */s/ B. Webb King*